Good morning, your honors. May it please the court. My name is Gene Vorobyov, V-O-R-O-B-Y-O-V. I represent Mr. Bowman, who's obviously not here. I'd like to reserve two minutes for rebuttal. You've got whatever time is on that clock in front of you, and whatever number is left over, provided there's a green light there, those numbers will be yours. If there's a red light, you're on negative numbers, and you won't get it. Okay. All right? My client's appeal raises several issues going both to the computation of the advisory guidelines and special conditions of supervised release. I think all the issues have been briefed pretty thoroughly. I mean, your problem is you're caught between a waiver, an express waiver, and implicit waiver. None of these things were objected to below, right? Well, let me address, I guess, if I may in turn, as far as... Can you repeat my question? If you could repeat it, please, sir. None of these things were objected to below. Right. So we're talking about... So you're either caught in an express waiver or implied waiver, so you have to overcome one of those. Yes, sir. Right. That's fair enough. Okay. As far as the waiver in the plea agreement, I think this case, although not identical to United States v. Buchanan, it's analogous. I think the facts are just about the same. I think the only difference between Buchanan and our case is that in Buchanan, you just have an unambiguous advisement. You have a right to appeal. Here's a district judge tells my client twice, I don't think the waiver is enforceable. And I'm paraphrasing a little bit, but that's essentially what he's telling. Well, it is different, isn't it? Well, I don't think it's materially different because essentially, a district judge is putting a weight of his own opinion and is telling a litigant... It's not an opinion. It's amusing. Well, as far as a reasonable lay person is, a judge is telling him... Was he representing your client? Yes, he was. But I don't think that matters. If you look at Buchanan, in Buchanan, the court says, a litigant is entitled to rely on a statement of a district judge regarding the right to appeal. But in Buchanan, the district judge explicitly said, you have the right to appeal. That didn't happen here. Right. No, I agree that the advisement here was more equivocal than in Buchanan. That's not, I'm not disputing that. But I think the essence of the statement is the same because you have a judge telling him, I don't think it's enforceable. From a reasonable lay person's standpoint, I think that's a standard use that you should be applying. That would tell a litigant, you know, the waiver is not enforceable because you have a judge who's telling him that it's not or may not be, and the prosecutor's not saying, wait a minute, your Honor, I think it is enforceable. Also, if I may add something very briefly. You know, you probably ought not to spend too much time on this issue. I think we understand your argument. Even if you win on this issue, you're still faced with the fact that none of these things were objected to below, and we are usually very reluctant to hold that a district judge has erred or abuses discretion by doing or failing to do things to which the party below didn't object or didn't ask him to correct. Usually, district judges will listen to lawyers, and if they have a good argument, they will do what, you know. So any number of these things could have been cleared up below if the defense counsel, were you defense counsel? No, I was not, Your Honor. Yeah, defense counsel at the time had just raised these. So how do you deal with the implied waiver issue or the waiver by failure to object? Well, I would think that what the Court is reviewing these things for would be plain error. And, you know, the Court does have the discretion to review these issues for plain error if it affects substantial right. And I think what you have here is you have here some of these things. Well, it has to be plain. Right. And it has to affect substantial rights. Substantial rights. In that connection, would you comment on his computer use? We're talking about plain error. What was plain error about the conditions for use of his computer? Well, I think there's one condition that I think stands out as clearly plain error is that he's barred for 10 years from doing anything on computer-related devices except for employment purposes. And if you look at how computer-related devices are defined, it includes cell phones. That means that this gentleman, once he gets out of prison, he can't call a cell phone. He can't call a cab from the airport. He can't write a letter unless it's for an employment purpose. And I don't know how you live in the modern society for 10 years if you can't do those things. As I read the government's brief, it appeared to concede that it does not oppose a limited remand to permit the probation officer to be given discretion about such use. Is that correct? Yeah, I believe so. And I believe in our reply brief we said that while we think that the condition should be vacated, you know, we obviously don't have an opposition to that request. I think at a minimum I would urge the court to allow for limited remand. You know, this is all fine, but I'm still waiting for you to tell me where the error is that this court committed. I mean, the government may be perfectly willing to have the case remanded, but we have no authority to do that unless you can point to an error or an abuse of discretion. So which is the case that says the district judge can't do this? Well, I believe there are a number of cases, including, I believe, Reardon, which states a standard for imposing special conditions of supervised release. And one of the, you know, one of the requirements is that the condition is not broad enough and necessary to achieve the purpose for which it is imposed. And here you have a virtual ban. I would say it's a virtual ban from computer and cell phone use and Internet use for 10 years. And I think the length of the supervised release is one of the factors that the court would have to consider in determining whether it's overbroad. Well, we're talking plain error. You have to point to something that's plain. Somebody would look at this and say, gee, this is clearly wrong. And I still have difficulty, I mean, what is it that should have alerted the judge that he was clearly wrong? Well, I think what we should alert him to is that he's, you know, my client is ordered to comply with a number of other conditions of supervised release, such as maintaining employment, going to school, satisfying these financial obligations. I don't think you understood my question. The question is not can you make a good argument that the district judge would accept. The question is can you point to me to a case that would alert the district judge to say, whoops, if I do this, I'm going to be committing error. What is the authority from our court, from the Supreme Court, or from perhaps another circuit that says imposing a condition on the use of computers is abuse of discretion? Sure. I think one of such cases would be United States v. Sales. I think we've touched upon it in briefing. I didn't extensively sort of emphasize it in the briefing, but it's not, I mean, I would say that one minor difference between Sales and our case is that Sales was not a child pornography case, but Sales was a case where there were, I would say, some financial crimes committed, and there was no evidence that a computer was actually used. And the court, the district court imposed, I believe, a virtual ban on computer use. And on plain error standard ---- So the client spent up to 13 hours a day manipulating their computer and downloading and uploading images of children being abused, yes? Yes. That's a bit of a difference, isn't it? Well, I think it's a different ---- In terms of nexus to the crime, if the district judge is worried that your client might be tempted while he's up there, while he's on the Internet checking out CNN news, that he might say, well, you know, my finger slipped and I decided to access a website with child pornography, I mean, that would be between him and his home, and there's nobody there to watch him. And the temptation can be quite serious, right? Right. Why wouldn't the district judge ---- Because of the nature of the ban. This is not a limitation. It's an outright exclusion. And, you know, when the court is imposing that over broad of a ban for such a long period of time, I think that would have alerted the court, well, let's see if there's anybody who is saying, you know, you really need to have that broad of a ban in order to treat this gentleman. Did the PSR suggest that? No. The only thing that the PSR said that the stock of conditions that relates to my client's computer use is recommended because of the nature of the crime and, you know, his history and background. There's no elaboration as to what precisely in his background justifies such a huge ban. Did the PSR suggest a computer ban? I'm sorry. Well, it was one of the conditions recommended, yes. So your answer to my question was not no. It was yes. The PSR recommended this. Well, yes. The PSR recommended the condition itself. It didn't provide a justification. I guess that maybe I misunderstood your question. Okay. I'm sure you must have. Okay. Your time is up. We'll hear from the government. Thank you. Good morning. May it please the Court. April Christine on behalf of Respondent United States of America. Here are your honors. Defendant has effectively waived his right to appeal, both expressly in his plea agreement as well as the Court suggested, an implied waiver because he did not object to the sentence below, and nor did he object to the supervised release conditions. If that is true, then when I read in your brief that you had no objection to a limited remand to give the probation officer discretion to decide about computer use, are you conceding that there was plain error with respect to that? No, Your Honor, and may I qualify that? Here there is no plain error because there is certainly evidence before the Court that justified a ban on defendant's use of computer. As the Court has recognized, defendant spent 13 hours a day. He received, he admitted that he received about 100 images of child pornography daily. The Court, the defendant abused drugs, and the Court did comment on defendant's abuse of drugs, which shows a lack of control over his behavior. And what explains your lack of opposition to a remand? In the Court's statements during sentencing, the Court did incorporate the conditions as they were set forth in the recommendation letter by the probation office. And as the Court alluded to, there is a difference between the total ban on the computer use and a ban on the computer use with the approval of the United States Probation Office. If the Court were to find, and certainly a total ban could be justified in this case, and the Court has, this Court has found in B, that even broad conditions are reasonable if they are intended to promote rehabilitation and protect the public. In this case, there was an inconsistency between what the Court pronounced orally at sentencing and what was in the judgment and commitment order. So in that sense, if the Court were to decide to remand, the government would request a limited purpose of clarifying that one condition. I, I, I, it slips right by me. Was there a conflict between what and what? The, at oral or, excuse me, at sentencing, the Court orally incorporated the conditions as they were worded in the PSR. And as the condition is worded in the PSR, it does allow for approval by the probation office. When the Court issued the J&C, it did issue a J&C that had a total ban. The government's position would be that certainly in this case a total ban would be justified. However. Would you take the position that this was a, I'm not trying to put words in your mouth at all. Just, just, is this in the nature of a clerical error that the, that the judgment did not conform to the judge's ruling and this could be corrected as a clerical matter? I would say yes, Your Honor. Okay. I mean, I, I. That clarifies it for me. Okay. And it's also true that perhaps the reason there was no objection to this at sentencing was that the judge said that the ban on use of the computer was also conditioned on the probation officer's approval. That may be. However, the record does not show that. The record does not clarify that. Well, but, but I think what Judge Baer is suggesting is that the lawyer and the client get the PSR in advance with conditions laid out so there's no reason for the lawyer to raise a flag or say anything if this is something that he's satisfied with. And then if the order comes out that's more stringent, then that would explain why he, there was no objection. As to that one very narrow issue and one condition, yes, Your Honor. Let me ask you this since you're standing there anyway. And this is probably not something that, well, maybe it is implicated by this case or not. There's no computers in everything. You can't buy a car without a computer anymore. You certainly can't buy a cell phone without some computer in there. And now with most cell phones able to get on the Internet, iPhones and the like, so the line between a computer and other, refrigerators have computers. I mean, they are really quite pervasive. And I am wondering as a matter of policy for the probation office and the Justice Department, and, you know, the court as well, where do we draw the line on these things? When is a computer a computer? Does this, in your view on behalf of the United States, if you want to use a cell phone that has, I don't know that you can buy a cell phone these days that doesn't also have an Internet browser built into it. Would he have to get permission of the probation office? I'm just wondering. You can get e-mail on them now. I mean, they're functional. They're computers. Yes, and Your Honor is correct. And as the condition would state it, assuming, of course, we're dealing with a condition that was before the district court and before defendant at the time of sentencing, it does say computer and computer related devices. And that is certainly the case, Your Honor. It is possible to be able to get access to the Internet through a cell phone or a BlackBerry or any other. And it is also possible to access child pornography also on those media. So certainly in this case. Do you think that this case should be, submission should be suspended and you go to the mediation office to see if you can work out a deal with the appellant? Your Honor, this case was certainly well beyond that. Defendant did, in fact, plead guilty. We are at the point where he has been sentenced and assuming however the court rules, his sentence would be final. So at this point, mediation does not appear to be the appropriate vehicle for resolving the case. I think that the Justice Department would not take the position, the same position as to an automobile, which I understand has a computer in it somewhere, you know, to pollution control and gas, a portion of the gas to sort of save on gas. They all have computers in them. I think you would not take the position that that is a computer or computer related device. I think, Your Honor, the computer related devices that we are specifically addressing here are those where defendant would be able to access the Internet and through the Internet access child pornography. Certainly a car does have a computer related device. However, to the extent that that device would not be able to allow access to child pornography, I don't believe that that would be an issue. In fact, I'm not even sure that you can get an ordinary phone anymore that doesn't have a computer chip somewhere in it to do things like call ID. You know, there's all sorts of functions. So your position on behalf of the United States is that this is limited to computer related devices that have the capability of accessing the Internet or e-mail. And perhaps that is something that ought to be specified. Well, Your Honor, I don't believe it needs to be specified. I think the issue here is computer related devices as they relate to accessing child pornography. And the vehicle for accessing child pornography could be e-mail. It could be the Internet. But the issue is really not those vehicles. The issue is the broader issue of being able to access child pornography. Which makes sense to leave it up to the probation officer to decide and would make the limited remand appropriate. I have one other question. And this deals with his agreement to participate to take all prescribed medication. Would you comment on the necessity for something such as that? It says, you know, any prescribed medication for treatment as a sex offender, but to require him to take all prescribed medication. What does that have to do with his status? Here, Your Honor, again, the government submits that there was no plain error in the court ordering that as a condition, as part of the condition. And simply here because the defendant submitted that sentencing medical documentation, and that was before the court. It was part of the sentencing position paper. Included in that documentation was defendant's medical history, as well as a letter from a medical doctor attesting to that. At the sentencing hearing, the district court did discuss with defendant about his prior self-medication and the court's concerns with him self-medicating. And his lack of amenability to supervision, again, having to do with his self-medication and his abuse of prior drugs. The defendant himself actually expressed, not himself, but through his counsel, expressed a desire for Federal help while he was incarcerated. Defendant also asserted the need for proper medication. And so certainly given that, it was not a plain error for the court to order that as part of his psychological and sex offender treatment that he also take medication. All, it says, all prescribed medication, whether or not related to his, is the government's position that all medication relates to his status as a sex offender? Well, it would be prescribed medication, and certainly as part of being under doctor's care, that prescribed medication would go to whatever psychological issues. And certainly it was suggested that part of his problem in spending many hours on the computer and receiving lots of child pornography images had to do with the fact that he was abusing medication and staying home all day long. And so certainly there is a connection there to make sure that he is properly medicated. And if, in fact, that was part of what contributed to his violating the law, then certainly there is a nexus there that would suggest if he's properly medicated, as prescribed by his doctor, that he then would not reoffend. And so it would be part of his medication. Thank you. That's a good answer. Thank you. We are out of time. Would you like a minute for rebuttal? Yes, Your Honor. Just a minute. I think regarding Your Honor's last question regarding the medication condition, I think that portion of condition number 15 needs to be vacated under the decision of the United States versus COPE. It's a 2007 decision. I believe there was also a plain error standard in that case. There was no objection. And the Court in that case vacated it because no specific findings were made on the record by the district judge saying this is medically necessary. And also, in regards to evidence supporting that condition, as we said in the brief, I respectfully disagree with counsel's assessment. I think you're mistaken. It was an objection, COPE. Well, Your Honor, I guess we may have to agree or disagree. I just looked at COPE, and I don't believe there was an objection in that case. I may be wrong. Look at page 917. Okay. I'm at that page, Your Honor. COPE's attorney, right-hand column, duly objected to these conditions after this record read the sentence. Right-hand column, about a third of the way down. Okay. Yes, you're right, Your Honor. Yes, it is. There was an objection. I apologize, then. So it doesn't really help you any. I mean, the problem with these things is that district judges are usually very willing to listen and consider, and I just have a very hard time finding a district judge's abuse of discretion and not tailoring a condition when he hasn't gotten an objection from counsel. There are lots of things in the PSR that are given to both sides, precisely so they can look them over and raise objection, and district judges normally work by exception. They don't go through every single condition and pass it for every possibility. They rely on the lawyers to bring out those things that are problematic, and then they deal with them. Usually they're very willing to and very reasonable in making adjustments, and I don't see how we can find a district judge here with abuse of discretion as a matter of law, abuse of discretion rather as a matter of plain error when he wasn't given a chance to make the adjustment below. Your Honor, just I guess one last comment on that. This condition deals with my client's medical condition. He has to, basically he has to take whatever medication the probation officer is going to recommend. I think given the nature of the condition and the effect it would have on my client, I think to turn, sort of turn the validity of that condition on, I would say less than perfect lawyering by my predecessor. I think it would be unfair to my client. I'm sorry? It would be unfair to my client to basically say, well, his medication condition is okay because his lawyer was doing less than perfect job in the district court. No, no, no. For all we know, the lawyer discussed it with his client and decided, made a conscious choice not to object. I don't know what happened. Why do we have to assume that the lawyer was careless? Well, I think we have to be careful because it involves medication. It involves health. I think to the extent there is any doubt, I think the doubt should go in favor of my client and it should. Why shouldn't the doubt go in favor of the district judge? Because it affects his health. I mean, at a minimum, I mean, if you're going to state this about any other condition, I mean, you're talking about a man's health. I don't think a decision as to whether or not he should just be made to take medication should turn on whether or not his lawyer was basically asleep. Wouldn't this be medication that's prescribed by a doctor? I'm sorry? I mean, this is not a license for the probation officer to, say, go out and buy a bunch of stuff on the counter and take it. This would be medication that's prescribed by a doctor. Well, it doesn't say that, Your Honor. I think the condition has to be read as written. And what does it say exactly? It says to take all prescribed medication. Prescribed. Prescribed by whom? Prescribed. It doesn't say by a doctor. Well, in America, prescribed means prescribed by a doctor. Well, Your Honor, I think to the extent that my client has to strictly comply with these things and to the extent that this is – Well, assume that's what it means. Then you have a doctor who makes a decision that this is appropriate for him. This is not the probation officer saying, you know, here are some meds. Take them, you know, pop them right now. You have a health care professional who looks at him, thinks it's appropriate, and all the probation officer says it's prescribed. You've got to take it. Well, I respectfully disagree. I think that the condition has to be read as written, not as the court reasonably interprets it. I mean, I'm not saying Your Honor's interpretation is unreasonable. I'm just saying that – I'm sorry. You're standing there saying that prescribed means – It could mean things other than what you just said. I mean, I'm not saying what you just said was unreasonable. I'm saying that it could be susceptible to other interpretations. Okay, give me one. Well, you know, the probation officer could tell him, I want you to go and take X. You know, take X medication. What does that mean? Does it mean that he, you know, that this – What do you do with the word prescribed? Well, prescribed by whom? I think what the confusion is that I think you're ascribing to this term the meaning of medically prescribed. So if the condition said prescribed by a doctor, I think that might have been, you know, obviously I don't think we would have this argument right now. But it doesn't say prescribed by a doctor. I can't believe we're having this argument, even as it is. Well, that's fine. Okay, thank you. I guess we'll have to agree or disagree. I think so. The case is signed. We'll stand submitted. We'll next hear argument in Vega, United States v. Raul Vega. Counsel ready? Thank you.
judges: Kozinski, Nelson, Bea